IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,481-02






EX PARTE JAMES EARL BELCHER, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM ECTOR COUNTY

IN THE 161ST JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. B17,038-B



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault, and punishment was assessed at confinement for
forty years. No direct appeal was taken. 

 Applicant contends that he was denied due process of law during his parole revocation
proceedings. Specifically, he states he was denied his right to counsel that attached due to
a speech impediment and other mental and physical disabilities that rendered him unable to
communicate effectively. Additionally, he claims he was denied due process because he is
actually innocent of the new charges which were used to revoke his parole, and the evidence
adduced at his revocation hearing conclusively shows he was in the custody of his half-way
house when the alleged offense upon which his revocation was based occurred. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has a speech impediment, or mental or physical defect, such that his
ability to effectively communicate was compromised such that counsel should have been
appointed to represent him in his revocation proceedings. The court shall also determine
whether Applicant's claim of actual innocence of the charges used to revoke his parole has
merit. The trial court shall also make any further findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 15 DAY OF February, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.